ZADOCK E. SHAW agt. ELLIOT J. KIDDER.

*Counsel* can not settle a suit and conclude the client in relation to the subject in litigation, without his consent; but they may make arrangements concerning the progress of the cause, as the putting off of a trial and the like, without any special authority from the client. (1 *John.* 507; 1 *Caines*, 252.)
Where defendant's *counsel* settled a suit with plaintiff's attorney, and it appeared

Shaw agt. Kidder.

he acted in perfect good faith, but without adequate authority, on a motion by defendant for judgment as in case of nonsuit, it was granted, unless the plaintiff stipulated to try: costs to abide event, as the plaintiff was not in fault.

*September Term,* 1846.

MOTION by defendant for judgment as in case of nonsuit.

Defendant moved on the usual affidavit, that the cause was at issue, and noticed for trial at the last August circuit, but not brought to trial, &c. Plaintiffs produced a writing in opposition to the motion, which read as follows: ("Title of the cause) This cause is hereby settled, each party paying his own costs. August 13, 1846.

"HENRY R. MYGATT, *plaintiff's attorney.*
"SAYRE & BANKS, *of counsel for defendant.*"

The affidavit of William S. Sayre stated that Sayre & Banks were employed as counsel in this cause by defendant; that in consequence of the absence of defendant's attorney, L. Bigelow, Esq., they had done most of the attorney's business after the suit was commenced, and made the brief for the trial, the attorney having informed them that he should have nothing to do in trial, he being a witness in the cause; that Sayre & Banks had had possession of all the pleadings in the cause before joining issue. At the Chenango circuit, a conversation was had, about the settlement of the suit, with plaintiff's attorney; and it was then agreed, that as the matter was then situated, there was nothing pending between the parties but the costs. Plaintiff's attorney made a proposition for settlement, which was declined by Sayre. Subsequently, the defendant told Sayre he presumed the plaintiff would settle, if he (defendant) would pay his own costs, and let the plaintiff have the papers which had been tendered, and asked the opinion of Sayre whether he had better do so. After considerable conversation about the matter, Sayre advised defendant to do it, remarking *at the same time that he thought the defendant would succeed, but he might be mistaken. That he thought it would be best to settle in that way if he

could. The defendant replied that he would do it, or words to that effect. Mr. Humphrey, the assignee of the plaintiff, was not then at Norwich (where the circuit was held), so that a settlement could be effected, and the defendant went away after his witnesses. While defendant was thus absent, Mr. Humphrey came, and the subject of a settlement was again renewed between Mr. Mygatt, plaintiff's attorney, and Mr. Humphrey, Mr. Bigelow, defendant's attorney, and Mr. Sayre. Mr. Mygatt inquired of Sayre what was the best the defendant would do. Sayre replied that he probably would or might be induced to pay his own costs. After a conversation between plaintiff's attorney and defendant's attorney, plaintiff's attorney requested to negotiate with Mr. Sayre, and to see the papers which had been tendered by the defendant. Sayre procured them from defendant's attorney, and showed them to Mygatt. Sayre soon after saw Bigelow, and told him he thought he could effect a settlement with Mygatt in a short time, by each party's paying his own costs, and the papers being delivered to plaintiff's assignee. Bigelow then walked away, as Sayre supposed, to await the result. In a short time after the conversation with Bigelow, Sayre & Mygatt concluded the settlement according to the written agreement. After the writing was drawn, Sayre went after Bigelow to have him sign the agreement, and, being unable to find him, he remarked to Mygatt that he presumed it would make no difference, as he, Sayre, considered himself authorized by the defendant to settle on those terms, and Sayre then signed the agreement for himself and partner. That he acted in perfect good faith, believing that he was authorized to do so, and that in his opinion it was the best thing defendant could do, and he had no doubt but that Bigelow would have done the same, if he had been found. The reason Sayre did not wait longer for Bigelow, was, that himself, Banks and Bigelow intended to return home that afternoon if this business was arranged in time. Sayre supposed they would get home in time to save defendant from going to court with his witnesses, if they could start soon. The affidavits of Mygatt and Silvester Humphrey

corroborated the principal facts, as stated by Sayre, and showed that Sayre was responsible for several thousand dollars. The defendant, in answer, showed by the affidavit of the defendant, that he never gave his counsel (Sayre & Banks), or either of them, authority, or even requested them, or either of them, to settle the cause. On the 12th of [*246] August, defendant left Norwich, *where the circuit was held, for the purpose of procuring the attendance of his witnesses, and returned on the 13th of August with his witnesses, and was informed by Sayre that he had settled the cause with plaintiff's attorney, and delivered over to him the deed and other papers which were the subject matter of the suit. Defendant then informed Sayre, that he (Sayre) was not authorized nor requested to settle the suit, and requested him to restore the papers and the cause to the position he left them, which Sayre could not, or declined doing. On the same day defendant procured for his attorney a written notice, which stated in substance that Sayre was not authorized to settle the suit, and that the defendant disavowed and disaffirmed the settlement, and would proceed to the trial of the cause at that circuit, and if the plaintiff declined trying it, he should move for judgment as in case of nonsuit, at the next special term. Such notice was served on plaintiff's attorney on the 13th August last, who declined to try the cause, and told defendant he might discharge his witnesses. The affidavit of defendant's attorney stated that he never authorized or requested Sayre to settle the suit, and that he (defendant's attorney) never had any authority from defendant to settle it.

J. A. COLLIER, *defendant's counsel.*
LEVI BIGELOW, *defendant's attorney.*
H. H. MARTIN, *plaintiff's counsel.*
H. R. MYGATT, *plaintiff's attorney.*

BRONSON, Chief Justice. Counsel may make arrangements concerning the progress of the cause, as the putting off of a trial, and the like, without any special authority from the

client (1 *John.* 507, 1 *Caines*, 252); but they cannot settle the suit, and conclude the client in relation to the subject in litigation, without his consent. In this case the counsel acted in perfect good faith, but without adequate authority. The plaintiff must try the cause: but, as he has not been in fault, he ought not to be charged with the costs of the circuit, or of the motion, except in the event that the suit shall terminate against him.

*Ordered* judgment, as in case of nonsuit, unless the plaintiff stipulates to try the cause at the next Chenango circuit. The costs of the last circuit and of this motion are to abide the event of the suit.